UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-CR-31-TBR

UNITED STATES OF AMERICA,                                                    PLAINTIFF

v.

JIMMY LEON ABBOTT,                                                           DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Jimmy Leon Abbott's Motion for a Hearing Under *Franks v. Delaware* and Motion to Suppress Statements Under *Miranda v. Arizona*. [DN 23]. Fully briefed, this matter is ripe for adjudication. For the reasons stated herein: Defendant's Motion for a Hearing Under *Franks v. Delaware*, [DN 23], is DENIED.

### BACKGROUND

On May 14, 2019, a federal grand jury indicted Defendant on three counts: distribution of methamphetamine in excess of 5 grams, possession with intent to distribute methamphetamine in excess of 50 grams, and possession of a firearm by a convicted felon. [DN 1]. During a telephonic proceeding on October 4, 2019, Defendant's counsel requested a suppression hearing which was then set for November 12, 2019. [DN 19]. Subsequently, Defendant filed the instant motion requesting a hearing under *Franks v. Delaware* and the suppression of statements pursuant to *Miranda v. Arizona*. [DN 23]. Given the upcoming suppression hearing, the Court declines to address Defendant's arguments regarding the suppression of statements at this time. Therefore, this Memorandum Opinion and Order will focus solely on whether Defendant is entitled to a *Franks* hearing.

### LEGAL STANDARD

To merit a *Franks* hearing, the movant must make "a substantial preliminary showing" that (1) the affiant included a statement, either deliberately false or with reckless disregard for its truth, in the warrant affidavit, (2) without which there could be no finding of probable cause. *United States v. Pirosko*, 787 F.3d 358, 369 (6th Cir. 2015). Warrant affidavits "carry with them 'a presumption of validity,'" and so the challenger's attack "must be more than conclusory . . . ." *United States v. Stuart*, 507 F.3d 391, 396 (6th Cir. 2007) (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). That is, he must point to specific false statements and then "accompany his allegations with an offer of proof," usually in the form of supporting affidavits. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Moreover, "[t]he movant must *also* show that the allegedly false statements were necessary for the magistrate's determination of probable cause." *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008). Thus, "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id.* (quoting *Franks*, 438 U.S. at 171–72).

The Sixth Circuit has "repeatedly held that there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement." *United States v. Fowler*, 535 F.3d 408, 415–16 (6th Cir. 2008) (citing *United States v. Graham*, 275 F.3d 490, 506 (6th Cir. 2001) (quoting *United States v. Atkin,* 107 F.3d 1213, 1217 (6th Cir. 1997))). This higher standard is due to the "'potential for endless rounds of *Franks* hearings' due to potentially 'endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit.'" *Id.* (quoting *United States v. Martin,* 920 F.2d 393, 398 (6th Cir. 1990) (quoting *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990))). Thus, "*Franks* is generally 'inapplicable to the

omission of disputed facts, except in the very rare case where the defendant makes a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit." *United States v. Shaffer*, 238 F. Supp. 3d 913, 918 (E.D. Ky. 2017), *aff'd*, No. 17-6492, 2019 WL 2929932 (6th Cir. July 8, 2019) (quoting *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998)).

## DISCUSSION

In this case, Defendant claims that Detective Bryan "knowingly, with at least reckless disregard for the truth, included false statements and/or material omissions in his affidavit underlying the request for a search warrant" of Defendant's home. [DN 23 at 48]. First, Defendant argues that Detective Bryan omitted material items in the affidavit regarding the credibility and reliability of the confidential source ("CS"). *Id.* Specifically, Defendant claims that Detective Bryan knew that the CS had been arrested and indicted for trafficking in methamphetamine and had been charged as a felon in possession of a handgun. *Id.* Thus, Defendant claims, "Detective Bryan, knew or should have known that he was not dealing with a credible, reliable informant, but rather a criminal actively involved in his own meth trafficking operation." *Id.* In response, the Government notes that "confidential sources are rarely innocent of their own prior criminal activities." [DN 24 at 60]. Moreover, it asserts that even if the omission of the CS's criminal history was material, the remaining information in the affidavit still established probable cause of Defendant's criminal activities. *Id.*

In *United States v. Fowler*, the Sixth Circuit addressed a similar situation in which a defendant claimed that government agents intentionally misled a magistrate judge by failing to acknowledge the CS's "involvement in ongoing criminal activity." *Fowler*, 535 F.3d at 416. The defendant claimed that if the magistrate judge had known this information, the judge would have

doubted the CS's veracity. *Id.* In rejecting this argument, the Court noted that "the affidavit acknowledged the confidential informant's criminal activity by stating that the confidential informant had sold methamphetamine" to the defendant. *Id.* Moreover, the Court found that even if the agents did fail to inform the magistrate judge of the CS's criminal activity, the defendant was still not entitled to a *Franks* hearing:

> Even if the ATF agents had failed to inform the magistrate of the confidential informant's criminal activity, such an omission would not satisfy the second requirement for a *Franks* hearing because the additional information would have had no impact on the finding of probable cause. The fact that the confidential informant was engaged in criminal activities might make the confidential informant less credible than a member of the general population, but that is hardly a reason to doubt the reliability of the information given to the affiant, especially given the numerous indications of reliability provided in the affidavit. Considering that "it is often people involved in criminal activities themselves that have the most knowledge about other criminal activities," *United States v. Martin*, 920 F.2d 393, 398–99 (6th Cir. 1990), it is no surprise that most confidential informants are engaged in some sort of criminal activity. It would unduly hamper law enforcement if information from such persons were considered to be incredible simply because of their criminal status. Without more than a mere allegation that the affiant failed to disclose the nature and degree of the confidential informant's criminal activity, Fowler was not entitled to a *Franks* hearing. Therefore, the district court correctly rejected Fowler's request for a *Franks* hearing as well as his challenge to the veracity of the affidavit.

*Id.* Other courts addressing this issue have also found that a *Franks* hearing was not warranted, despite the fact that the affidavit failed to include information regarding the CS's criminal history, when the affidavit contained "other information suggesting that the information was credible." *United States v. Jones*, 533 F. App'x 562, 568–69 (6th Cir. 2013); *United States v. Shaffer*, 238 F. Supp. 3d 913, 918 (E.D. Ky. 2017). For example, in *United States v. Jones*, the Sixth Circuit found the following information included in the affidavit suggested reliability: the CS described the meth manufacturing process he had observed at the defendant's residence which the government knew to be the correct process, five controlled meth purchases corroborated the CS's information, and

audio and video recordings from those purchases provided additional corroboration. *Jones*, 533 F. App'x at 568. Likewise, in *United States v. Shaffer*, the court found that the following information contained in the affidavit suggested the CS's information was credible: the CS's familiarity with methamphetamine and detailed results of the polices' independent corroboration of the CS's statements, including the defendant's prior drug charges and drug evidence from a trash pull. *Shaffer*, 238 F. Supp. 3d at 922.

The Court concludes that Defendant has not made a strong preliminary showing that Detective Bryan deliberately or recklessly omitted information regarding the CS's credibility from the affidavit. Although Detective Bryan failed to include information relating to the CS's involvement in methamphetamine trafficking, the affidavit contains other information suggesting that the CS's information is credible. Specifically, the affidavit states that the CS provided information that incriminated themselves, thus referencing the CS's prior criminal activities. [DN 24-1 at 71]. Moreover, it details the polices' independent corroboration of the source's information by utilizing the CS to make four controlled purchases of methamphetamine from Defendant at his residence. *Id.* at 71–72. Each purchase was visually and audibly recorded. *Id.* Finally, the affidavit includes information regarding Defendant's criminal history, including violent felonies, felon in possession of a firearm, trafficking in marijuana, and drug paraphernalia, among many others. *Id.* at 72. Based on the facts included in and omitted from the affidavit regarding the CS's credibility, Defendant has failed to show Detective Bryan deliberately or recklessly omitted information regarding the CS's credibility, or that the judge was not reasonably assured that the information was credible.

Next, Defendant claims that Detective Bryan "intentionally and or with reckless disregard for the truth, swore that the CS had made a 'controlled purchase' of methamphetamine from

[Defendant] on November 1, 2018." [DN 23 at 49]. Defendant claims this is a false statement because during the "controlled purchase," there was no exchange of money. When the CS attempted to pay for the methamphetamine, Defendant declined the money and stated he would "front" the CS the narcotics until the CS could get back on his feet. *Id.* at 49–50. Defendant argues that if the affidavit had made clear that no money was exchanged at this time, the judge may not have found probable cause to search Defendant's residence. *Id.* at 52. In response, the Government notes that the United States Codes make it a crime for any person to "knowingly or intentionally manufacture, distribute, or dispense a controlled substance." [DN 24 at 61]. Based on the plain language of the statute, there is no need for money to exchange hands in order for a person to be convicted of drug distribution. *Id.* Thus, the Government contends, "the use of the word 'purchase' in the affidavit is not material to the subsequent finding of probable cause." *Id.* at 62. Moreover, the Government asserts "[t]he defendant cannot make a preliminary showing that the alleged falsity of the word 'purchase' would have resulted in a finding of no probable cause." *Id.* at 63.

Regardless of whether Detective Bryan's characterization of the event on November 1, 2018 as a controlled purchased was deliberately false or made with reckless disregard for the truth, Defendant has failed to establish that without the statement, there could be no finding of probable cause. As previously discussed, the second prong of the *Franks* inquiry requires the Court to determine "whether, without the falsehood, the magistrate judge would still have had a basis for concluding that there was a fair probability that evidence of a crime would be found." *United States v. Jones*, 533 F. App'x 562, 567 (6th Cir. 2013). If the information regarding the event on November 1, 2018 were removed from the affidavit, the magistrate judge would still have a reasonable basis for concluding that there was a fair probability that evidence of drug trafficking would be found at Defendant's residence. Specifically, the affidavit would still include three other

instances in which the CS conducted and recorded a controlled purchase of methamphetamine from Defendant at his residence. [DN 24-1 at 71–72]. Moreover, the affidavit asserts that "detectives have also received information from another credible and reliable Confidential Source that Abbott is a large scale methamphetamine dealer." *Id.* at 71. Finally, the affidavit details Defendant's extensive criminal history including convictions for trafficking in marijuana and drug paraphernalia, in addition to violent felonies. *Id.* at 72. Accordingly, the Court finds that Defendant failed to establish that without the information relating to the November 1, 2018 event, the affidavit would lack probable cause that he was involved in criminal activity. Thus, a *Franks* hearing is not warranted.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED**: Defendant's Motion for a Hearing Under *Franks v. Delaware* and Motion to Suppress Statements Under *Miranda v. Arizona*, [DN 23], is **DENIED**.

**IT IS SO ORDERED.**

Thomas B. Russell

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 8, 2019

CC: Attorneys of Record